UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID C. LETTIERI,

                              Plaintiff,                      3:23-CV-1099
                                                                   (GTS/ML)

v.

FED. BUREAU OF INVESTIGATION,

                              Defendant.
_____

OF COUNSEL:

DAVID C. LETTIERI
   Plaintiff, *Pro Se*
Niagara County Jail
5526 Niagara Street Exd
Lockport, NY 14094

GLENN T. SUDDABY, U.S. District Judge

## DECISION and ORDER

On December 15, 2023, Magistrate Judge Miroslav Lovric issued a Report-Recommendation, which recommends that the *pro se* complaint of David C. Lettieri ("Lettieri" or "plaintiff") be *sua sponte* dismissed without prejudice and without prior leave to replead. (Dkt. No. 11.) Pending is Lettieri's objection to the Report-Recommendation. (Dkt. No. 13.) For the reasons set forth below, the Report-Recommendation is adopted as amended by this Decision and Order.

Lettieri commenced this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Federal Bureau of Investigation ("FBI" or "defendant") in connection with the allegedly unconstitutional seizure of "cell phones." (Dkt. No. 1 at 12 [Compl].) The complaint references, by name, two agents,

presumably of the FBI, who allegedly took the cell phones at issue outside of the scope of a search warrant. (*Id.*) Lettieri seeks return of the seized property and money damages. (*Id.* at 5.)

The Report-Recommendation liberally interpreted the complaint as asserting two claims pursuant to *Bivens*: (1) a violation of the Fourth Amendment as a result of an unlawful search and seizure; and (2) a violation of the Fifth Amendment Due Process Clause. (Dkt. No. 11 at 3.)[1] Because the only named defendant was FBI, a government agency that is immune from suit, the Report-Recommendation recommended dismissal without leave to amend. (*Id.* at 6-8.)

Lettieri now objects to the Report-Recommendation, contending only that, prior to dismissal, he should be permitted leave to amend his complaint, ostensibly to name certain individuals as defendants. (Dkt. No. 13.)

I. **STANDARD OF REVIEW**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a de novo review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a de novo review, "[t]he judge may . . . receive

---

[1] Notably, Lettieri identified his claims as involving "unlawful search and seizure [and d]ue process" on his form complaint. (Dkt. No. 1, at 3-4 [Compl.].)

[2] *See also Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference

further evidence . . . ." 28 U.S.C. § 636(b)(1)(C).   However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.³   Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this . . . circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citations omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review.   Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

---

to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

³   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. United States v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' . . . does not indicate that a secondary evidentiary hearing is required.").

Notes: 1983 Addition; *see Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review.[4] Finally, when no objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.  ANALYSIS

After carefully considering the matter, the Court can find no clear error with regard to

---

[4]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 172 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Praileau v. County of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Almonte v. N.Y. State Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

any portion of the Report-Recommendation to which Plaintiff has not specifically objected. With regard to the portion of the Report-Recommendation to which Plaintiff has specifically objected (i.e., the portion recommending that the dismissal of Plaintiff's complaint be without prior leave to amend), the Court finds that – in light of Plaintiff's stated intent to name the individual FBI agents responsible for the wrongs he alleges (Dkt. No. 13), and out of an abundance of caution due Lettieri's *pro se* status – he should be afforded an opportunity to amend his complaint before it is dismissed without prejudice.

Indeed, as correctly observed by Magistrate Judge Lovric, although it is plain that Lettieri cannot maintain his claims against FBI, he may be able to amend his complaint to name individual defendants who are amenable to suit in their individual capacities. (Dkt. No. 11, at 6-7.) *See also Rivera v. Fed. Bureau of Investigation*, No. 5:16-CV-00997, 2016 WL 6081435, at *4 (N.D.N.Y. Sept. 13, 2016) (Dancks, M.J.) ("The only remedy available in a Bivens action is an award of monetary damages from defendants in their individual capacities.") (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 [1994]), *report and recommendation adopted*, 2016 WL 6072392 (N.D.N.Y. Oct. 17, 2016) (Mordue, J.).

The Court hastens to add, however, that any amended complaint will replace plaintiff's original complaint in its entirety, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court.

**ACCORDINGLY**, it is

**ORDERED** that the Order and Report-Recommendation (Dkt. No. 11) is **ADOPTED as amended** by this Decision and Order; and it is further

**ORDERED** that Lettieri's complaint (Dkt. No. 1) **SHALL BE** *sua sponte* **DISMISSED** **without prejudice** and without further Order of the Court, **UNLESS**, within **THIRTY (30) DAYS** of the entry of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** that cures the pleading defects identified in his original Complaint; and it is further

**ORDERED** that, should Plaintiff file a timely amended complaint, it shall be automatically referred to Magistrate Judge Lovric for his review.

Dated: May 22, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge